**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
_____

**MIRIAM KLEIN on behalf of himself**
**or herself and all other similarly situated consumers**

                    **Plaintiff(s),**

        **-against-**


**PAUL MICHAEL ASSOCIATES, Inc.**

                    **Defendant.**
_____


## CLASS ACTION COMPLAINT
## JURY TRIAL DEMANDED


1. Plaintiff seeks redress for the illegal practices of PAUL MICHAEL ASSOCIATES,

Inc., concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15

U.S.C. § 1692, et seq. ("FDCPA").


## Parties

2. Plaintiff is a citizen of the State of New York who resides within this Judicial District.


3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in

that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt and the

Plaintiff is a natural person obligated or allegedly obligated to pay the debt.

4. Upon information and belief, Defendant's principal place of business is located in *Flushing, NY*.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6), as the defendant is a person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

7. The obligation claimed due by the defendant is a "debt" as defined by 15 U.S.C. §1692a(5), as it is an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

8. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements in connection with the collection of a debt; unfair or unconscionable collection methods; and requires certain disclosures, See: 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

9. The FDCPA simultaneously advances two objectives: it protects vulnerable citizens while promoting a competitive  marketplace. 15 U.S.C. § 1692(e).The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of a single violation. Bentley v Great Lakes Collection Bureau, 6 F.3d 60, 62-3 (2d Cir. 1993).  In considering whether a collection notice violates Section 1692e, the court applies the "least sophisticated consumer" standard. Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir.1993).


10. Congress adopted the FDCPA with the "express purpose to eliminate abusive debt collection practices by debt collectors, and to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 130 S. Ct. 1605,1623, 176 L. Ed. 2d 519 (2010) (internal quotes and ellipsis omitted); Lesher v. Law Offices of Mitchell N. Kay, P.C., 650 F.3d 993, 996 (3d Cir. 2011).


11. Congress had found abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors contributed to the number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. 15 U.S.C. § 1692(a). It also found that existing consumer protection laws were inadequate. 15 U.S.C. § 1692(b). Therefore, "Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act." Lesher, 650 F.3d at 997.


12.  Thus, the intended effect of these private enforcement actions was not only to reduce the number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual

privacy caused by abusive, deceptive, and unfair debt collection practices but, simultaneously, to promote a competitive marketplace for those debt collectors who voluntarily treat consumers with honesty and respect.

13.   "Congress recognized that 'the vast majority of consumers who obtain credit fully intend to repay their debts. When default occurs, it is nearly always due to an unforeseen event such as unemployment, overextension, serious illness or marital difficulties or divorce.'"  FTC v. Check Investors, Inc., 502 F.3d 159, 165 (3d Cir. 2007). Nevertheless, "'[a] basic tenet of the Act is that all consumers, even those who have mismanaged their financial affairs resulting in default on their debt, deserve 'the right to be treated in a reasonable and civil manner.'"  FTC, supra, 502 F.3d at 165 (emphasis added) quoting Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C., 111 F.3d 1322, 1324 (7th Cir. 1997).

14.   The FDCPA is construed broadly so as to effectuate its remedial purposes and a debt collector's conduct is judged from the standpoint of the "least sophisticated consumer," Brown v. Card Serv. Ctr, 464 F.3d 450, 453n1 (3d Cir. 2006). Thus, by way of example, "A debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." Id. at 455.

15.   "Congress also intended the FDCPA to be self-enforcing by private attorney generals." Weiss v. Regal  Collections, 385 F.3d 337, 345 (3d Cir. 2004). "In order to prevail, it is not necessary for a plaintiff to show that she herself was confused by the communication she received; it is sufficient for a plaintiff to demonstrate that the least sophisticated consumer would

be confused. In this way, the FDCPA enlists the efforts of sophisticated consumers like Jacobson as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are  assumed by the Act to benefit from the deterrent effect of civil actions brought by others." Jacobson v. Healthcare Fin. Services, Inc., 516 F.3d 85, 91 (2d Cir. 2008); and, see, Gonzales v. Arrow Fin. Services, LLC, 660 F.3d 1055 (9th Cir. 2011). Thus, "the FDCPA protects all consumers, the gullible as well as the shrewd." Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993).


16.  Except where the Act expressly requires knowledge or intent, the "FDCPA is a strict liability statute to the extent it imposes liability without proof of an intentional violation," Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 368 (3d Cir. 2011) (citing, in footnote 7, supporting authorities from the Second, Seventh, Ninth and Eleventh Circuits).


17. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, provides that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt and, without limiting the generality of the prohibited conduct, enumerates sixteen acts and omissions which are deemed to be per se violations of that section. 15 U.S.C. § 1692e(1)-(16).


## Jurisdiction and Venue


18. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

19. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district, and the Defendant does business within this District.

## **Nature Of The Action**

20. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, ("FDCPA), 15 U.S.C. § 1692, et seq.

21. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

22. Plaintiff is seeking damages, and declaratory and injunctive relief.

## <u>Violations Of The Fair Debt Collection Practices Act</u>
## <u>Allegations Particular to Plaintiff</u>

23. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

24. On or about March 30, 2018, Defendant sent Plaintiff a collection letter attached as *Exhibit A*, which was a communication sent by the Defendant, and received by the Plaintiff seeking to collect a balance allegedly incurred for personal purposes. Said letter states in part as follows:

WE HAVE BEEN DIRECTED BY OUR CLIENT TO COLLECT THE SUM WHICH IS DUE AND OWING.

AS YOUR INSURANCE COMPANY HAS NOT RESPONDED TO YOUR CLAIM, THE BALANCE OWED TO OUR CLIENT IS DUE AND PAYABLE AT ONCE.

**THERE WILL BE NO FURTHER NOTICE**. PLEASE FORWARD YOUR CHECK OR MONEY ORDER TO OUR OFFICE MADE PAYABLE TO **PAUL MICHAEL ASSOCIATES** WITHIN 5 DAYS IN THE ENCLOSED ENVELOPE

25. On or about April 11, 2018, Defendant sent Plaintiff a collection letter attached as *Exhibit B*, which was a communication sent by the Defendant, and received by the Plaintiff seeking to collect a balance allegedly incurred for personal purposes. Said letter states in part as follows:

> If our office does not receive a response immediately,
> we will have no alternative but to report this
> outstanding account to the Experian, Equifax and
> Trans-Union credit reporting agencies.

## First Count 15 U.S.C. §1692e et seq.
## False or misleading representations

26. Plaintiff re-states, re-alleges, and incorporates herein by reference, all prior paragraphs as if set forth fully in this cause of action.

27. 15 U.S.C. § 1692e of the FDCPA states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

28. The collection letter attached as *Exhibit "A"*, violates 15 U.S.C. §1692e for the following reasons:

29. Defendant's letter is in violation of 15 U.S.C. § 1692e, 1692e(5), 1692e(10), by falsely stating in a bold font that "**There will be No Further Notice**."

30. Said letter falsely implies that the defendant is lawfully able to engage in collection activity with no further notice to the plaintiff.

31. In fact, New York State CPLR §305 specifies that a debtor is entitled to be served with notice of a debt upon commencement of a legal action, which is required prior to engaging in any collection activity.

32. In fact, contrary to the defendants letter, the defendant did in fact send further notice to the plaintiff by virtue of the letter actually sent to the plaintiff, attached as *Exhibit "B"*

33. Defendant's collection letter attached as Exhibit "A", is further in violation of 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), by falsely stating that "As your insurance company has not responded to your claim, the balance owed to our client is due and payable at once."

34. In fact, the plaintiffs insurance company was either not contacted about such a claim, or a claim was made and the plaintiff's insurance company did in fact respond to the claim.

35. The collection letter attached as *Exhibit "B"*, is in violation of 15 U.S.C. § 1692e, 1692e(5), 1692e(10), by falsely stating "If our office does not receive a response immediately, we will have no alternative but to report this outstanding account to the Experian, Equifax and Trans-Union credit reporting agencies."

36. In fact, the defendant had other alternatives to report the matter to all three collection agencies as it could have decided to continue collection activities without making any such report.

37. Said letter, also falsely implies that such a report was made to all three collection agencies, when in fact, upon information and belief, no such report was made as claimed, and the defendant never intended to take any such action claimed.

38.  Defendant's deceptive language discourages the debtor from trying to directly contact his medical service provider.

39.  Defendant's deceptive language discourages the debtor from trying to work this debt out, or obtain options directly from his medical service provider.

40. The unsophisticated debtor, when reading the above mentioned language, would be deceptively dissuaded from contacting his or her insurance company directly.

41. Section 1692e(10)  of the FDCPA  prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

42.  Defendant deceptively and misleadingly represented that it possessed and reviewed information regarding insurance matters related to the debt, and the letter implied that Defendant had personal knowledge that Plaintiff's insurance company would not pay the remaining balance; even a literally true statement may convey a misleading impression in violation of section 1692e(10). It is well settled that that the failure to disclose information is deceptive, if necessary qualifications are not made, material information is omitted, or the disclosures made are too inconspicuous.

43.  In an effort to coerce the Plaintiff into making a payment, Defendant deceptively and misleadingly represented that the Plaintiff's insurance company refused to pay the debt that it sought to collect.

44.  Defendant's statement is always used and is a standardized form letter.

45.  This language is inherently misleading and deceptive, because it was made without any individual or actual knowledge of whether it was true or false.

46.  Defendant uses this language for all its medical debts, regardless of which medical provider provided the service.

47.  Defendant had no specific information or knowledge as to whether the Plaintiff, or any other debtors' insurance was or was not processed.

48.  Defendant had no specific information or knowledge as to whether the Plaintiff or any other debtors' balances remaining is the obligation of the debtor.

49.  If a debt collector makes an assertion of fact to a debtor, the ordinary implication is that the debt collector has some factual basis with which to make that statement. If the debt collector in fact has no actual knowledge on which to base the assertion at the time it is made, then the statement is inherently false and deceptive.

50.  Upon information and belief, at no time prior to the Defendant's sending out of  the said  letter,  did it review any specific individual information upon which it could have based this statement, that Plaintiff's insurance had been processed and that the balance remaining was the Plaintiff's obligation.

51. On  information and belief, at no time prior to the Defendant's sending out of the letter, was the defendant in possession of any specific individual information upon which it could have based the statement that Plaintiff's insurance had been processed and that the balance remaining was the Plaintiff's obligation.

52.  Making such a statement is an inherently deceptive method used to collect a debt because the  unsophisticated consumer would be led to believe that the debt collector was basing its statement on facts and personal knowledge. Despite defendant's careless lack of knowledge, it made this statement with reckless disregard for its truth, with the sole objective of coaxing Plaintiff into paying the obligation allegedly due.

53.  This inherently deceptive and misleading statement used in connection with the collection of a debt violates 15 U.S.C. § 1692e.

54. Defendant violated the FDCPA at Section 1692e(10) by misrepresenting to Plaintiff that  his  insurance company was unwilling to assist  him  in connection with his medical bills – thus, he must pay to the Defendant the amount requested.

55. Defendant represented that Plaintiff's insurance company had  already processed his claim and that they would not cover the alleged debt, when Defendant had no factual basis with which to make such representation.

56. Defendant is liable for its misrepresentations even if the unsubstantiated statements subsequently turns out to be true, since a debt collector cannot justify any groundless statements made in an attempt to coerce payment from a consumer, so long as that debt collector is lucky enough to learn later that the statements made absent foundation were not literally false.

57. Defendant represented that it possessed information regarding insurance matters related to the subject debt, and that it had personal knowledge that Plaintiff's insurance company would not pay the debt. Defendant had neither. Rather than field any questions to someone with actual knowledge or alleviate any potential confusion about the underlying charges and the insurance company's refusal to pay them, defendant simply invented a standard reason to eliminate any dispute or conversation regarding the existence of coverage and disguised it as personal knowledge by alleging that the plaintiff's insurance coverage would be unavailable to provide coverage for any of the claims made.

58. Debt collectors who convey literal truths, partial truths, or ambiguous statements to consumers are still in violation of the FDCPA if they are misleading. Under § 1692e, a debt collector's statement must not only be true, it must also avoid ambiguity and unnecessary bullying or intimidation.

59. Defendant's statement was made with no actual insurance information, and a lack of information regarding the terms of possible insurance coverage to support that the statements made in the letter had a sound factual and legal basis.

60. More importantly, defendant's general statement to the Plaintiff (and all other debtors who have medical debts) demonstrates exactly the type of manipulation that the Congress sought to prohibit when it adopted the least sophisticated consumer standard. Viewing the statement in question, one can only conclude that Defendant uses this standard language implying personal knowledge that the insurance company had processed the claim and would not cover the debtor's bills in order to coax all its debtors into making a payment. Rather than field any questions to someone with actual knowledge or alleviate any confusion about the underlying charges and the insurance company's refusal to pay them, Defendant simply invented a standard reason to eliminate any dispute or conversation and disguised it as personal knowledge.

61.  Defendant's statement would be deceptive to almost any consumer and it would certainly mislead the most ignorant, unthinking, and credulous portion of the population described by the Second Circuit in Clomon v. Jackson, 988 F. 2d 1314  - Court of Appeals, 2nd Circuit 1993.

62.  Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior, Plaintiff suffered and continues to

suffer injury to Plaintiff's feelings and emotional distress.

63.  Plaintiff seeks to end these violations of the FDCPA. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

64. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

65. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

66. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

67. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

68. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiffs alleged debt.

69. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

70. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

71. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

72. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

73. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

74. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

75. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

76. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

77. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiffs alleged debt.

78. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

79. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, and therefore, these materially misleading statements trigger liability under section 1692e of the Act.

80. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

81. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

82. These deceptive communications additionally violated the FDCPA since they frustrate the ability of the consumer to intelligently choose his or her response. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including concrete and particular harm, informational injury, has been misled and suffered a loss of opportunity to exercise statutory rights, and appreciable risk of harm, including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Upon information and belief, the

actions of the defendant negatively affected her credit rating and her ability to obtain credit. Plaintiff and putative class members have suffered these injuries or risk of harm and are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.

A. Plaintiff re-states, re-alleges, and incorporates herein by reference, all prior paragraphs as if set forth fully in this cause of action.

B. Defendant, as a matter of pattern and practice, mails letters, or causes the mailing of letters, to debtors using language substantially similar or materially identical to that utilized by Defendant in mailing the above-cited letter to Plaintiff.

C. The letters Defendant mails, or causes to be mailed, are produced by Defendant's concerted efforts and integrated or shared technologies including computer programs, mailing houses, and electronic databases. The said letter is a standardized form letter.

D. This cause of action is brought on behalf of Plaintiff and the members of a class.

E. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about one year prior to the date of the collection letter; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to

the Defendant; and (b) the collection letter was not returned by the postal service as undelivered;

(c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(5),

1692e(10) and 1692e(11).

F. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and

preferable in this case because:

1. Based on the fact that a form collection letter is at the heart of this litigation, the class

is so numerous that joinder of all members is impracticable.

2. There are questions of law and fact common to the class and these questions

predominate over any questions affecting only individual class members. The principal question

presented by this claim is whether the Defendant violated the FDCPA.

3. The only individual issue is the identification of the consumers who received such

collection letters (i.e. the class members), a matter capable of ministerial determination from the

records of Defendant.

4. The claims of the Plaintiff are typical of those of the class members. All are based on

the same facts and legal theories.

5. The Plaintiff will fairly and adequately represent the class members' interest charges. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interest charges are consistent with those of the members of the class.

G. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest charges of judicial economy.

H. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

I. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

J. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

K. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

Dated: Nassau, New York
June 1, 2018

/S Jacob Silver
_____
Jacob Silver
Attorney At Law
237 Club Dr.
Woodmere, NY 11598
(718) 855-3835
(718) 534-0057 – Fax
silverbankruptcy@gmail.com